IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY M. GRIMES,         )  <br>    ID # 45225-177,      )  <br>        Petitioner,       ) <br> vs.                                  )    No. 3:20-CV-988-G-BH <br>                                      ) <br> K. ZOOK, Warden,       ) <br>        Respondent.      )    Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*, received on April 21, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **SUMMARILY DISMISSED** with prejudice.

## I.    BACKGROUND

Billy M. Grimes (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, challenges the manner in which he is serving his federal sentence under 28 U.S.C. § 2241.

On September 15, 2012, Petitioner was arrested by state authorities for the state offense of aggravated robbery. (*See* No. 3:20-CV-988-G-BH, doc. 3 at 9.)[2] Based on the same events that led to his state arrest, on October 10, 2012, Petitioner was charged by federal indictment with aggravated credit union robbery in violation of 18 U.S.C. §§ 2113(a) and (d). (*See* doc. 1.)[3] A federal arrest warrant was issued the same day, and a writ of habeas corpus *ad prosequendum* was issued on October 16, 2012, because he was in state custody. (*See* docs. 3, 4.) Petitioner was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

[3] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying federal criminal action, No. 2:12-CR-45-Z-BR.

transferred to federal custody and appeared on the writ in federal court on October 18, 2012. (*See* doc. 10; No. 3:20-CV-988-G-BH, doc. 3 at 9.) He pled guilty to the single count of the federal indictment on November 16, 2012. (*See* docs. 28, 29, 30, 31.) On March 4, 2013, Petitioner was sentenced to 96 months' imprisonment, to be followed by a five-year term of supervised release, and he was ordered to pay $2,800 in restitution. (*See* doc. 40.) The judgment did not state whether the federal sentence would run concurrently with, or consecutive to, any state sentence. (*See id.*) Petitioner did not appeal his federal conviction or sentence.

Petitioner was returned to state custody on March 12, 2013. (*See* No. 3:20-CV-988-G-BH, doc. 3 at 9.) On August 26, 2014, he was sentenced in two separate state cases for two offenses that had been committed prior to the September 15, 2012 robbery, and he was given credit on both of those sentences for the time he had been in primary state presentence custody on the robbery, from September 18, 2012, through August 26, 2014. (*See id.*) The state sentences were allegedly ordered to run concurrently with his federal sentence. (*See id.* at 2, 7, 13.) Petitioner remained in state custody and was paroled from his state sentences on December 6, 2018, at which time he was taken into federal custody to serve his federal sentence. (*See id.* at 7-9.) It was calculated as having begun that day, but he received prior time credit for September 15, 2012, through September 17, 2012. (*See id.* at 8-10.)

Petitioner's § 2241 petition presents the following claims:

1. The United States Marshals['] determination as to where Petitioner [would] serve his sentence under state law, subjected Petitioner to be twice placed in jeopardy in violation of the Fifth Amendment to the United States Constitution.

2. Although the Warden claims that Petitioner's sentence was properly calculated, he categorically overlooks the statutory command of 18 U.S.C. § 3585(a) which makes clear that the sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation. . . to the official detention facility at which the sentence is to be served.

      3.    There are two plausible readings of § 3585, therefore the rule of lenity entitles petitioner to a credit of time served.

(*Id.* at 2, 5.) Petitioner seeks credit to his federal sentence for the time he spent in state custody, and immediate release. (*See id.* at 2, 4.)

## II.    SUMMARY DISMISSAL

Section 2241(a) provides district courts the power to grant a writ of habeas corpus. An individual is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman,* 342 U.S. 205, 211-12 & n. 11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992)).

A § 2241 petition is subject to summary dismissal if it appears on its face that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (" Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'"); *McAdams v. United States*, No. 3:18-cv-2059-K-BN, 2018 WL 4112876, at *1 (N.D. Tex. Aug. 9, 2018) (citing *Braunskill* and summarily dismissing § 2241 petition); 28 U.S.C. § 2243 (not requiring a responsive filing by the respondent where "it appears from the application that the applicant or person detained is not entitled [to a writ of habeas corpus]."). Additionally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (§ 2254 Rules), effective on December 1, 2019, provides that a petition must be dismissed "[i]f it plainly appears from the petition and any attached exhibits

3

that the petitioner is not entitled to relief."[4]

### III.   FIFTH AMENDMENT

Petitioner claims that after he was sentenced by the state, state authorities contacted the U.S. Marshals Service (USMS) and requested that he be taken into federal custody, but that the USMS refused the request, and he was forced to serve his state sentences first despite the fact that they were ordered to run concurrently with his federal sentence. (*See* No. 3:20-CV-988-G-BH, doc. 3 at 2-3, 11-12, 16-17.) He contends that this failure violated his rights to due process under the Fifth Amendment and subjected him to double jeopardy, and that because of the actions of the USMS, he is serving his federal sentence twice. (*See id.* at 2, 4-5, 12.)

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Fifth Amendment's Double Jeopardy Clause, which provides that "[n]o person shall … be subject for the same offence to be twice put in jeopardy of life or limb," *id.,* "protects against (1) a second prosecution after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *United States v. Paternostro*, 966 F.2d 907, 910 (5th Cir. 1992) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner has not shown that he is receiving multiple punishments for the same offense. He first served two separate state sentences for two offenses that were unrelated to, and occurred before, the September 15, 2012 robbery that led to his federal conviction. (*See* No. 3:20-CV-988-

---

[4] Rule 1(b) of the § 2254 Rules provides that the § 2254 Rules are applicable to habeas petitions not covered under § 2254.  *See, e.g.*, *Beaird v. Joslin*, No. 3:05-CV-1833-K (BH), 2006 WL 2473338, at *3 (N.D. Tex. Aug. 11, 2006) (applying Rule 1(b) to § 2241 petition).

G-BH, doc. 3 at 3, 9.) To the extent he argues that he was serving his federal sentence while in state custody and is therefore now serving his federal sentence twice, his argument is without merit. When, as here, a federal judgment is silent on whether sentences are to run concurrently or consecutively, the presumption is that "they will run consecutively, *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original); *see also* 18 U.S.C. § 3584(a). Even if the state court ordered his sentences to run concurrently with his federal sentence, "federal authorities are not bound by state court orders for concurrent sentences." *Reescano v. United States*, 349 F. App'x 951, 952 (5th Cir. 2009) (citing *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)). A "federal court is 'free to turn those concurrent sentences into consecutive sentences by refusing to accept the [state] prisoner until completion of the state sentence.'" *United States v. Cibrian*, 374 F. App'x 524, 529 (5th Cir. 2010) (per curiam) (quoting *Leal*, 341 F.3d at n.13).

Further, any argument that Petitioner was denied due process based on a lack of notice or the opportunity to be heard after the USMS declined to take him into custody following the state court's order for concurrent sentencing, causing him to remain in state custody until the completion of his state sentences, likewise fails. Petitioner shows that after discharging his state sentences and being taken into custody by the Bureau of Prisons (BOP), he formally requested that the BOP sentence him to time served and release him because the state court had ordered concurrent sentencing, and the USMS failed to comply. (*See id.* at 8-18.) The BOP reviewed Petitioner's record to determine whether Petitioner's federal sentence was to run concurrently with his state sentence and whether he was otherwise entitled to credit on his federal sentence. (*See id.*) The BOP notified Petitioner of the reasons for the denial of his request, and he continued to challenge the denial through the BOP's administrative process. (*See id.*) Denial of his challenges does not

violate his due process rights. *See, e.g.*, *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983) (stating that the Constitution affords no right to have state and federal sentences run concurrently); *Cole v. Director, Bureau of Prisons*, No. H-02-3056, doc. 11 at 12 (S.D. Tex. Mar. 31, 2003) ("Because a defendant has no right to serve state and federal sentences concurrently, due process is not violated when the government refuses him an opportunity to serve his state and federal sentences simultaneously."). Because Petitioner was given notice and the opportunity to be heard on his challenge to the USMS's decision and the BOP's calculation of his sentence, his due process rights were not violated.

Because double jeopardy and due process concerns are not implicated, and there is no statutory or constitutional requirement for the USMS to accept custody of Petitioner before he served out his state sentences, Petitioner is not entitled to relief on his Fifth Amendment claims.

### IV. SENTENCE CREDIT

Petitioner claims that he is entitled to credit on his federal sentence for the time served on his state sentence because he was in the "custody of state actors awaiting transportation to Bureau of Prisons" for purposes of § 3585(a) once the state court ordered concurrent sentencing, the USMS was notified of the state court's sentence, and the USMS was urged to take Petitioner into custody but failed to do so. (*See* doc. 3 at 5.)

**A.     18 U.S.C. § 3585(a)**

Section 3585 governs the determination of "when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). Paragraph (a) reads:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

6

> service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The Fifth Circuit addressed the application of § 3585(a) in circumstances similar to those alleged here in *Leal*. Leal argued that his due process rights were violated when he did not receive credit on his federal sentence for a nine months he spent in a state prison despite an order from the state court that his state sentence was to run concurrently with his federal sentence, and that the sentences were to be served in a federal facility. *See Leal*, 341 F.3d at 427-28. In holding that the petitioner had "not demonstrated that the U.S. Marshals Service was legally obligated to deliver him to federal prison for the service of concurrent sentences ordered by the state court," the Fifth Circuit relied on a Ninth Circuit decision expressly rejecting the same argument made here by Petitioner. *See id.* at 428-29 (discussing *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992)). It implicitly adopted the reasoning of *Del Guzzi* that "[t]he state sentencing judge had no authority to commit [the defendant] to the state prison to await transportation to the federal prison where he was to serve his sentence," and that the state judge's authority on ordering a state sentence to run concurrently with a federal sentence was "limited to sending [the defendant] to state prison to serve his state sentence." *Id.* (quoting *Del Guzzi*, 980 F.2d at 1270) (internal quotation marks omitted).

Based on *Leal*, the state court here lacked the authority to order that Petitioner be incarcerated in state prison to await transportation to his BOP-designated facility under § 3585(a). *See id.* Moreover, the BOP "is the entity authorized to determine *where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *Cibrian*, 374 F. App'x at 529-30 (emphasis in original). This is the case even if, as here, the BOP's determination "could operate to increase the expected length of the state-imposed sentence if the state court ordered it to run concurrently with the federal sentence." *Id.* at 530 (acknowledging that "the BOP may

7

refuse to accept a state prisoner into federal custody until the state sentence is fully discharged."). In Petitioner's case, the BOP determined that his federal sentence commenced on December 6, 2018, when his state sentences were discharged and he was taken into exclusive federal custody to serve his federal sentence. (*See* doc. 3 at 9.)

**B.     Rule of Lenity**

Petitioner challenges the BOP's determination by invoking the "rule of lenity," arguing that the phrase, "received in custody awaiting transportation. . .," in § 3585(a) should be interpreted in his favor. (*See* doc. 3 at 5.) He claims that he was "in essence, received into custody of the state actors awaiting transportation to the Bureau of Prisons," so his federal sentence began when the state court ordered concurrent sentencing and the USMS failed to retrieve him. (*Id.*)

The rule of lenity is a rule of statutory construction that "applies primarily to the interpretation of criminal statutes." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 16 (2011). It "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute that the Court must simply guess as to what Congress intended." *Maracich v. Spears*, 570 U.S. 48, 76 (2013) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)); *see also Koray*, 515 U.S. at 65; *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998). The rule of lenity "cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term," however. *Smith v. United States*, 508 U.S. 223, 240 (1993) (quoting *Taylor v. United States*, 495 U.S. 575, 596 (1990)).

Petitioner has not established a "grievous ambiguity or uncertainty" in § 3585(a). His subjective interpretation is not plausible because it would dictate that federal sentences commence at the same time as subsequently imposed state sentences for unrelated offenses, contrary to

accepted law. *See, e.g., Jones v. Joslin*, 635 F.3d 673, 675 (5th Cir. 2011) (finding that the petitioner's federal sentence commenced when he was released from his state sentence); *Cain v. Menifee*, 269 F. App'x 420, 424 (5th Cir. 2008) (finding that the petitioner's federal sentence commenced under § 3585(a) when he was transported to federal facility to serve federal sentence); *Meadows v. FCI Beaumont Low*, No. 1:16-CV-101, 2016 WL 5923434, at *4 (E.D. Tex. July 25, 2016) ("[F]ederal custody does not commence until state authorities relinquish the prisoner upon satisfaction of the state obligation.") (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)); *Whitehurst v. Burks*, Civ. A. No. H-08-2473, 2009 WL 926995, at *5 (S.D. Tex. Apr. 1, 2009) ("[T]ime served on a federal sentence does not commence until the defendant is delivered to federal authorities for service of the sentence."). Moreover, he has failed to identify, and the Court has not located, any authority supporting his claim of statutory ambiguity.

The rule of lenity does not save his petition, and Petitioner's claim relating to the application of § 3585(a) is without merit and should be summarily dismissed.

### C.  18 U.S.C. § 3585(b)

To the extent Petitioner claims he is entitled to credit for his time spent in state custody under 18 U.S.C. § 3585(b), his claim similarly fails. Section 3585(b) provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

9

Additionally, "[t]ime spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted towards the federal sentence if that time was credited toward his state sentence." *Lopez v. Jeter*, 170 F. App'x 894, 895 (5th Cir. 2006) (per curiam); *see also Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at *5 (N.D. Tex. June 3, 2004) ("prisoners are entitled to no credit toward their federal sentences for any period of time they are on loan to federal authorities on a writ of habeas corpus ad prosequendum from state custody.").

Here, the record indicates that Petitioner received credit on his state sentences for the time he spent in state custody, as well as for the period during which he was in federal custody on a writ of habeas corpus *ad prosequendum*. (*See* No. 3:20-CV-988-G-BH, doc. 3 at 7-9.) He also received prior time credit to his federal sentence from the date of his arrest by state authorities on September 15, 2012 to September 17, 2012. (*See id.* at 9.) Because Petitioner's time in detention was credited to his state sentences, with the exception of the three days credited to his federal sentence, he is not entitled to duplicate time credit on his federal sentence for his detention by state authorities. *See Wilson*, 503 U.S. at 537; *Frank v. U.S. Atty. Gen.*, 410 F. App'x 837, 838 (5th Cir. 2011) (affirming denial of credit for federal sentence where the challenged period of custody was credited to state sentence). Since Petitioner has received the sentencing credit to which he is entitled under § 3585(b), his claim should be summarily dismissed.

## V.     RECOMMENDATION

The petitioner's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*, received on April 21, 2020, should be **SUMMARILY DISMISSED**.

**SIGNED this 23rd day of November, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE